LAWRENCE G. BROWN
Acting United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814

CAROLINE A. NEWMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 305-2558
Email: Caroline.A.Newman@usdoj.gov
Western.Taxcivil@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and CHARLES DUFF, Revenue Officer, Internal Revenue Service,<br><br>    Petitioners,<br><br>v.<br><br>ARTHUR RALPH SILL,<br><br>    Respondent. | 2:08-mc-00121-MCE-GGH<br><br>**MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS RE: I.R.S. SUMMONS ENFORCEMENT**<br><br>Taxpayer: ARTHUR RALPH SILL |

    This matter came before me on February 5, 2009, under the Order to Show Cause filed October 28, 2008, which, with the verified petition and exhibits, was personally served on respondent on October 23, 2008, according to Fed. R. Civ. P. 4(e).  Caroline A. Newman appeared for petitioners, and petitioning Revenue Officer Charles Duff was present.  Respondent did not file an opposition and did not appear at the hearing.

    The Verified Petition to Enforce Internal Revenue Service Summons initiating this proceeding seeks to enforce an administrative summons (Exhibit A to the petition) in aid of Revenue Officer Duff's investigation to determine the existence and amounts of individual income tax liabilities for ARTHUR RALPH SILL, for the taxable years ending December 31, 2001, December 31, 2002, December 31, 2005, December 31, 2006, and

December 31, 2007; and to determine financial information for assessed individual income tax liabilities for the tax years ending December 31, 2000, December 31, 2003 and December 31, 2004, and for civil penalties for the periods ending December 31, 2003, December 31, 2004, June 30, 2005, September 30, 2005, and December 31, 2005. Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1340 and 1345, and is found to be proper. Authorization for the action is under I.R.C. §§ 7402(b) and 7604(a) (26 U.S.C.). The Order to Show Cause shifted to respondent the burden of rebutting any of the four requirements of United States v. Powell, 379 U.S. 48, 57-58 (1964).

I have reviewed the petition and documents in support. Based on the uncontroverted verification of Revenue Officer Duff and the entire record, I make the following findings:

(1) The summonses issued by Revenue Officer Charles Duff to respondent Arthur Ralph Sill on May 9, 2008, seeking testimony and production of documents and records in respondent's possession, was issued in good faith and for a legitimate purpose under I.R.C. § 7602, that is, to determine the existence and amounts of individual income tax liabilities for ARTHUR RALPH SILL, for the taxable years ending December 31, 2001, December 31, 2002, December 31, 2005, December 31, 2006, and December 31, 2007; and to determine financial information for assessed individual income tax liabilities for the tax years ending December 31, 2000, December 31, 2003 and December 31, 2004, and for civil penalties for the periods ending December 31, 2003, December 31, 2004, June 30, 2005, September 30, 2005, and December 31, 2005.

(2) The statute of limitations has not expired for any of these periods. Respondent did not file returns for the tax years ending December 31, 2000, through December 31, 2007. In general, the IRS must assess taxes "within three years after the [taxpayer's] return was filed." 26 U.S.C. § 6501(a). However, where no return is filed, "the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." 26 U.S.C. § 6501(c)(3); accord Edwards v. Comm'r, 680 F.2d

Magistrate Judge's Findings and
Recommendations Re: I.R.S. Summons Enforcement        2                                          3975947.1

1268, 1269 n.1 (9th Cir. 1982) ("Clearly no statute of limitations applies to [a taxpayer] for those years in which she filed no returns at all."). Accordingly, the statute of limitations has not run for respondent's non-assessed individual income tax liabilities for the years ending December 31, 2001, December 31, 2002, December 31, 2005, December 31, 2006, and December 31, 2007. Further, the collection statute of limitations has not run on the assessed individual income tax liabilities for the years December 31, 2000, December 31, 2003 and December 31, 2004, nor on the assessed civil penalty liabilities for the years ending December 31, 2003, December 31, 2004, June 30, 2005, September 30, 2005, and December 31, 2005, because it runs for "ten years after the assessment of the tax." 26 U.S.C. § 6502.

(3) The information sought is relevant to that purpose.

(4) The information sought is not already in the possession of the Internal Revenue Service.

(5) The administrative steps required by the Internal Revenue Code have been followed.

(6) There is no evidence of referral of this case by the Internal Revenue Service to the Department of Justice for criminal prosecution.

(7) The verified petition and its exhibits made a prima facie showing of satisfaction of the requirements of United States v. Powell, 379 U.S. 48, 57-58 (1964).

(8) The burden shifted to respondent, Arthur Ralph Sill, to rebut that prima facie showing.

(9) Respondent presented no argument or evidence to rebut the prima facie showing.

I therefore recommend that the IRS summonses issued to respondent, Arthur Ralph Sill, be enforced, and that respondent be ordered to appear at the I.R.S. offices at 4330 Watt Avenue, Sacramento, California, 95821, before Revenue Officer Charles Duff, or his designated representative, on the twenty-first day after the filing date of the summons

1  enforcement order, or at a later date and time to be set in writing by the Revenue Officer,
2  then and there to be sworn, to give testimony, and to produce for examining and copying
3  the books, checks, records, papers and other data demanded by the summons, the
4  examination to continue from day to day until completed.

5       These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C)
7  and Rule 72-304 of the Local Rules of the United States District Court for the Eastern
8  District of California.  Within ten (10) days after being served with these findings and
9  recommendations, any party may file written objections with the court and serve a copy
10  on all parties.  Such a document should be titled "Objections to Magistrate Judge's
11  Findings and Recommendations."  Any reply to the objections shall be served and filed
12  within ten (10) days after service of the objections.  The District Judge will then review
13  these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1).  The parties are
14  advised that failure to file objections within the specified time may waive the right to
15  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

16       The Clerk shall serve this order and future orders to Mr. Arthur Ralph Sill,
17  3910 Ramsey Drive, North Highlands, CA 95660.

18       It is SO ORDERED.

19  DATED: February 24, 2009

                                  /s/ Gregory G. Hollows

                          GREGORY G. HOLLOWS
                          UNITED STATES MAGISTRATE JUDGE

sill.ord

3975947.1